UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

JEFFREY WIDMER
    Plaintiff,
-vs.-                                                **DEMAND FOR JURY TRIAL**

NCO FINANCIAL SYSTEMS, INC.
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, JEFFREY WIDMER through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is NCO Financial Systems, Inc. ("NCO") which is a Pennsylvania corporation doing business in Michigan.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on an alleged consumer type debt from Plaintiff that he does not owe.

7. Plaintiff's ex-girlfriend, Michele Updike, owes a bill to Consumers Energy debt in the amount of $1,033.99.

8. When Ms. Updike received this Consumers Energy debt, Plaintiff was not living with her. Indeed, he is not a named tenant on the lease of the apartment to which this Consumers Energy bill relates.

9. On or about August 2, 2011, Plaintiff received a letter from Defendant stating, "In an effort to make the payment of this bill more convenient, the creditor is transferring the balance owing into your current account. This bill will show as an arrears (sic) on your next bill and should be included in your next remittance."

10. This letter is addressed to both Plaintiff and Ms. Updike.

11. This letter does not contain any 30 day validation notice rights, there is no back side to it, and this is the first and only letter that Plaintiff received from Defendant.

12. On or about August 8, 2011, Plaintiff called Consumers Energy, and was informed that it had sold the debt to NCO.

13. On or about August 8, 2011, Plaintiff called Defendant NCO to inquire as to why it had transferred the balance Updike's Consumer's Energy debt to his account.

14. Defendant told Plaintiff that if he does not pay the debt, that Defendant would place this item as a delinquent trade line on his credit report.

15. Defendant further misinformed the Plaintiff that "This is her bill, but we are going to add this to your account because you guys were living together."

16. To date, this alleged debt is not appearing on Plaintiff's credit report.

17. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates the preceding allegations by reference.

19. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

23. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

24. Plaintiff incorporates the preceding allegations by reference.

25.  Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

26. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

27. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

28. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

29. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

30. Plaintiff incorporates the preceding allegations by reference.

31.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act  ("MCPA"), at MCL § 445.251.

32. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

33. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

34. Plaintiff has suffered damages as a result of these violations of the MCPA.

35. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

August 23, 2011
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com